CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 4 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS SCOTT VANDEGRIFT** | ) | |
| Plaintiff, | ) | **Civil Action No. 7:10-cv-00054** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CITY OF ROANOKE SHERIFF'S** | ) | **By: Hon. James C. Turk** |
| **OFFICE, et. al.,** | ) | **Senior Unites States District Judge** |
| Defendants. | ) | |

This matter is presently before the Court on defendants', Jewell Payne (Payne) and Kenneth Farrell (Farrell), Motion to Dismiss (Dkt. No. 36). Defendants Payne and Farrell claim that all of plaintiff's claims against them are barred by the two-year statute of limitations. Payne and Farrell filed a memorandum in support of their motion (Dkt.No. 37), plaintiff, Thomas Vandegrift (Vandegrift) filed a response in opposition (Dkt. No. 45), and Payne and Farrell filed a reply (Dkt. No. 47). The Court finds from the evidence heard orally, that Payne and Farrell knew or should have known that that the action would have been brought against them, but for a mistake concerning their identity. Therefore, defendants' Motion to Dismiss is **DENIED**.

### I. Procedural and Factual Background History

On February 22, 2008, Vandegrift was arrested for driving under the influence of alcohol and detained in the Roanoke City Jail. Vandegrift alleges that during his detention, Deputies Payne, Farrell, and Brandon Young (Young), violated his constitutional rights by repeatedly striking him without justification. He alleges two distinct assaults; one in the hallway on the way to his cell, and a more severe assault in his cell. After the alleged assaults, Vandegrift says the defendants refused to provide him with medical attention.

On May 1, 2008, Vandegrift filed a formal complaint with the Roanoke City Sherriff's Office regarding the alleged assault (Plaintiff's Exhibit 1). Major Bell (Bell), who leads the Professional Standards Unit of the Roanoke City Sherriff's Office, investigated Vandegrift's complaint. His duties, among others, are to investigate complaints against deputies and to identify and preserve any surveillance video relevant to those complaints. On June 17, 2008, Bell wrote a report for Sheriff Octavia Johnson regarding Vandegrift's complaint. Bell identified deputies Young, Farrell, and Payne, as the deputies who had allegedly assaulted Vandegrift (Plaintiff's Exhibit 8). On June 19, 2008, Sheriff Johnson sent a letter, drafted by Bell, to Vandegrift informing him that the deputies followed the appropriate department procedures and policies (Plaintiff's Exhibit 2). The letter failed to indentify the deputies. Vandegrift then requested a copy of the investigation file. Sheriff Johnson ordered Bell not to release the investigation file, but instead, to simply send Vandegrift a copy of the complaint he had filed. Bell complied with the order. Vandegrift also asked Bell for the identities of the officers involved in the incident, and Bell refused to give him any information pertaining to the deputies' identity.

On June 12, 2009, Vandegrift, by counsel, requested certain documents and video evidence from the internal investigation of the alleged assault pursuant to the Virginia Freedom of Information Act. The Roanoke Sheriff's Office cited statutory exclusions, Va. Code 2.2-3706(F.6) and (G.3), and refused to provide any additional documents or information (Plaintiff's Exhibit 3). On February 1, 2010, Vandegrift filed this suit regarding the alleged assault, naming as defendants the Roanoke City Sheriff's Department, Sheriff Octavia Johnson, Deputy Brandon

Young,[1] Deputies John and Jane Does. After the suit was filed, Vandegrift propounded discovery on the named defendants in an attempt to ascertain the identities of the two unknown officers. On July 2, 2010, the named defendants responded and produced the incident reports and other documents confirming that the Doe defendants were Farrell and Payne. Vandegrift then filed a motion to amend the complaint on July 9, 2010, seeking to substitute Farrell and Payne for the Doe defendants, and with leave of the Court, filed an amended complaint naming Farrell and Payne on July 13, 2010.

On July 30, 2010, Payne and Farrell filed a motion to dismiss. Plaintiff responded and the Court heard oral argument on the motion to dismiss on December 14, 2010. The Court held an evidentiary hearing on February 24 and February 28 to determine whether Payne and Farrell knew or should have known they should have been named in the lawsuit. At the hearing Vandegrift, Payne, Farrell, Bell, and Sheriff Johnson testified, and the parties submitted certain exhibit evidence. The evidence showed that both Farrell and Payne are personal friends of Young. Payne had even vacationed with Young a few years ago. Payne has worked in the sheriff's office constantly from well before 2008 until present, but she was transferred to a different division of the office in the time period between February 22, 2008 and February 1, 2010. Farrell and Young have remained employed by the sheriff's office since February 22, 2008, and both continue to work in the Roanoke City Jail. They see each other frequently.

Farrell testified that even though the alleged Vandegrift incident happened over two year ago, he specifically remembered Vandegrift by name because of a heated conversation between the two in which Vandegrift attempted to advise Farrell about how he should treat people in the jail. Farrell also testified that he saw an article about Vandegrift's lawsuit that appeared in the

---

[1] Vandegrift had independent knowledge of Deputy Young's identity because he was able to see the name on his badge.

Roanoke Times on February 9, 2010 (Plaintiff's Exhibit 5). The article begins by stating that Thomas Scott Vandegrift filed a lawsuit alleging that he was beaten in the Roanoke City Jail. It also states that Vandegrift sued Young and other unnamed officers, whose identities were not yet known to the plaintiff. The article mentions that the incident happened in 2008 but does not give specific dates.

## II. Applicable Law

Vandegrift's state and federal law claims are governed by a two-year statute of limitations. Shelton v. Angelone, 148 F.Supp.2d 670, 678 (W.D.Va 2001) (Virginia's two-year statute of limitations applies to § 1983 claims) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). A cause of action accrues when the plaintiff learns of the injury or event that is the basis of his claim. Richards v. Fairfax County School Board, 798 F.Supp. 338, 340-41 (E.D.Va. 1992). Nevertheless, an amendment to a complaint that changes the name of the defendant(s) relates back to the time of the original complaint if three criteria are met. Fed. R. Civ P. 15(c)(1). First, the claim in the amended complaint must arise out of the same transaction or occurrence that formed the basis of the original complaint. Fed. R. Civ. P. 15(c)(1)(C). Second, the party to be brought in by the amendment must not be prejudiced in maintaining a defense on the merits of the claim. Fed. R. Civ. P. 15(c)(1)(C)(i). Third, the party to be brought in must have known or should have known that the action would have been brought against it "within the period provided by Rule 4(m) for serving the summons and complaint," but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(ii).

"Notice may be presumed when . . . the added defendant . . . received formal or informal notice of the claim." Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989) (emphasis added) (overruled on other grounds by Goodman v. Praxair, Inc., 494 F.3d 458

(4th Cir. 2007). For example, in <u>McDaniel v. Maryland</u>, 2010 WL 3260007 (D.Md. 2010), the plaintiff brought a § 1983 claim against officer Arnold and a "John Doe." In <u>McDaniel</u>, the defendants named in the original complaint had the means to identify the unidentified officer but refused to do so <u>Id.</u> at 16. When the plaintiff later discovered the "John Doe's" identity, the court allowed plaintiff to amend his complaint substituting a named officer for John Doe because it presumed the unnamed officer had notice of the suit within the limitations period because he "should have known" the suit would have been brought against him but for a mistake concerning identity. <u>Id.</u> at 15-17.

### III. Farrell and Payne's Notice

Because the amended complaint was not filed until after the statute of limitations had run, all three requirements of Rule 15(c)(1)(C) must be fulfilled in order for Farrell and Payne to remain defendants in this action. First, the claims in the amended complaint against Farrell and Payne clearly arise from the same occurrence as the claims in the original complaint. Second, Farrell and Payne have presented no evidence that they will be prejudiced in defending the claims on the merits. Third, Farrell and Payne should have known that the action would have been brought against them "within the period provided by Rule 4(m) for serving the summons and complaint," but for a mistake concerning their identities. Fed. R. Civ. P. 15(c)(1)(C)(ii). The original complaint was filed February 1, 2010, and under Rule 4(m), the complaint must have been served 120 days later, approximately June 1, 2010. Therefore, Farrell and Payne must have had notice or constructive notice of the lawsuit by approximately June 1, 2010.

Farrell testified that he was a personal friend of Young's and that he and Young had worked in the same division of the sheriff's office years before February 1, 2010, the date the complaint was filed, and that they continued to work together in the same division. He testified

that he often talked to Young about work and other matters. Also, Farrell testified that he remembered Vandegrift by name and the incident between Vandegrift and the officers. Finally, he admitted seeing a newspaper article naming Vandegrift as a plaintiff in a lawsuit against Young and other unknown officers for an alleged incident involving excessive force in 2008. The facts, examined as a whole, show that Farrell should have known that he would have been a defendant in the original complaint but for the plaintiff's mistake concerning Farrell's identity.

Payne also worked in the sheriff's office from before the time the complaint was filed and continues to work there. She testified that she was personal friends with Young, talked with him often, and even went on vacation with him. Payne admitted that she spoke with Young many times between February 1, 2010, and June 1, 2010, the date the lawsuit was filed and the date by which Payne must have received notice under Rule 15(c)(1)(C), respectively. Due to the professional and personal relationship between Payne and Young and their similar interest in the lawsuit, the Court finds that before June 1, 2010, Payne should have known that she would have been a defendant in the original complaint but for the plaintiff's mistake concerning Payne's identity.

## IV. Conclusion

The Court finds that Payne and Farrell knew or should have known that that the action would have been brought against them before the period specified in Federal Rule of Civil Procedure 15(c)(1)(C), but for a mistake concerning their identity. Therefore, defendants' motion to dismiss is **DENIED**.

**ENTER**: This ___*14*___ day of March, 201 **1**

_James le Jul_

Senior United States District Judge